UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JANICE WEEKS-KATONA,

    Petitioner,

vs.

RANDY TEWS,

    Respondent.

No. C 12-5723 PJH (PR)

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

    Petitioner, a federal prisoner incarcerated at F.C.I. Dublin has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. She has paid the filing fee.

## DISCUSSION

### A. Standard of Review

    A district court must determine at the outset whether a petition filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255, because congress has given jurisdiction over these petitions to different courts. *Hernandez v. Campbell*, 204 F.3d 861, 865-66 (9th Cir. 2000). A petition under § 2241 must be heard in the district of confinement, whereas if the petition is properly brought under § 2255, it must be heard by the sentencing court. *Id.* at 865.

    A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." (citation omitted)). In contrast, a § 2241 habeas petition is the proper mechanism

for a federal prisoner seeking to challenge the manner, location or conditions of the execution of the sentence. *Hernandez*, 204 F.3d at 864

There is, however, an exception to that general rule. Under the "escape hatch" of § 2255, a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* (internal quotation marks omitted). We have held that a prisoner may file a § 2241 petition under the escape hatch when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id.* at 898 (internal quotation marks omitted).

## B.  Legal Claims

After reviewing this action, it is not clear the relief that petitioner seeks as the petition is confusing and rambling. Petitioner discusses a 1993 plea bargain that seems to have occurred in the Middle District of Florida and a 2012 incident in the District of Montana. It appears, though the court is not certain, that petitioner is seeking relief based on her plea and sentencing though she also describes the seizure of legal mail and harassment at her facility. It is not clear what transpired in the District of Montana. The petition will be dismissed with leave to amend for petitioner to more clearly describe the relief she seeks.

## CONCLUSION

1. The petition is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended petition must be filed no later than **February 4, 2013**, and carry the words AMENDED PETITION on the first page. Failure to amend within the designated time will result in the dismissal of these claims.

2. The motions for clarification and joinder (Docket Nos. 3 and 4) are denied.

3. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: January 7, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\Weeks-Katona5723.dwlta.wpd