United States District Court
For the Northern District of California

1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5          OAKLAND DIVISION

6

7   JANICE WEEKS-KATONA,

8                    Petitioner,                    No. C 12-5723 PJH (PR)

9        vs.                                        **ORDER DISMISSING PETITION**

10  RANDY TEWS,

11                   Respondent.

12  _____/

13         Petitioner, a federal prisoner incarcerated at F.C.I. Dublin has filed a pro se petition

14  for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The original petition was

15  dismissed with leave to amend and petitioner has filed an amended petition.

16                              **DISCUSSION**

17  **A.    Standard of Review**

18         A district court must determine at the outset whether a petition filed by a federal

19  prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255, because congress has given

20  jurisdiction over these petitions to different courts.  *Hernandez v. Campbell*, 204 F.3d 861,

21  865-66 (9th Cir. 2000).  A petition under § 2241 must be heard in the district of

22  confinement, whereas if the petition is properly brought under § 2255, it must be heard by

23  the sentencing court.  *Id.* at 865.

24         A federal prisoner who seeks to challenge the legality of confinement must generally

25  rely on a § 2255 motion to do so.  *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir.

26  2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by

27  which a federal prisoner may test the legality of his detention, and that restrictions on the

28  availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. §

United States District Court

For the Northern District of California

1   2241."  (citation omitted)).  In contrast, a § 2241 habeas petition is the proper mechanism

2   for a federal prisoner seeking to challenge the manner, location or conditions of the

3   execution of the sentence.  *Hernandez*, 204 F.3d at 864

4          There is, however, an exception to that general rule.  Under the "escape hatch" of §

5   2255, a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255

6   is "inadequate or ineffective to test the legality of his detention."  *Id.* (internal quotation

7   marks omitted).  We have held that a prisoner may file a § 2241 petition under the escape

8   hatch when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an

9   unobstructed procedural shot at presenting that claim."  *Id.* at 898 (internal quotation marks

10  omitted).

11  **B.     Legal Claims**

12         The original petition was dismissed with leave to amend as the petition was

13  confusing and rambling and it was not clear the relief the petitioner sought.  The amended

14  petition is no clearer and is also confusing and at times incomprehensible.  Petitioner

15  discusses a 1993 plea bargain that seems to have occurred in the Middle District of Florida

16  and a 2012 incident in the District of Montana.  It is still not clear the relief that petitioner

17  seeks.

18                                   **CONCLUSION**

19         Accordingly, the petition is **DISMISSED**.  To the extent petitioner is challenging the

20  legality of her conviction, a COA is **DENIED** because reasonable jurists would not find the

21  court's dismissal debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000)

22  (standard).  The clerk shall close the file.

23         **IT IS SO ORDERED.**

24  Dated:    February 4, 2013.

                                                PHYLLIS J. HAMILTON
25                                              United States District Judge

26

27  G:\PRO-SE\PJH\HC.12\Weeks-Katona5723.dsm.wpd

28

                                              2